# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

KEVIN L. DICKENS, :
:
    Plaintiff, :
:
v. : Civ. No. 10-786-LPS
:
DEPUTY WARDEN KLEIN, et al., :
:
    Defendants. :

Kevin L. Dickens, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 12, 2015
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

I.  **INTRODUCTION**

Plaintiff Kevin L. Dickens ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is an inmate housed at the James T. Vaughn Correctional Center "(VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 13) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendants' motion to sever the complaint and supporting memorandum. (D.I. 64, 65) Plaintiff did not respond to the motion. For the reasons that follow, the Court will deny the motion.

II.  **BACKGROUND**

On September 16, 2010, Plaintiff filed a complaint naming 68 individual defendants employed at the VCC. Following screening of the Complaint, the Court dismissed numerous claims and defendants. Twenty-four defendants remain in this case, and all but two have been served. Plaintiff was allowed to proceed with: (1) a nutra-loaf claim found at paragraph 10 of the Complaint against Deputy Warden Klein ("Klein"), based on events alleged to have occurred during a five-week period beginning in March 2009; (2) excessive force and failure to protect/intervene claims found in paragraphs 5 and 6 that occurred on September 13 and 14, 2008 against Sgt. Wilfred Beckles ("Beckles"), Captain Guy Fowler ("Fowler"), Lt. John Salas ("Salas"), and Sgt. Angelina DeAllie ("DeAllie"); (3) excessive force, failure to protect/intervene, and medical needs claims

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

found in paragraph 9 that occurred on January 2, 2009 against Capt. Rispoli ("Rispoli'), C/O Weber ("Weber"), Lt. Michael Trader ("Trader"), Sgt. McGinnis ("McGinnis'), and Lt. Willey ("Willey"); (4) excessive force claims found in paragraph 12 that occurred on March 28, 2009, against C/O William Morris ("Morris") and Beckles; (5) excessive force and failure to protect claims found in paragraph 13 that occurred in "late March" and on April 15, 2009 against C/O Charles Stevens ("Stevens"),[2] C/O Greg Turner ("Turner"), C/O Daynene Scott ("Scott"), and Sgt. Michael Bryan ("Bryan"); (6) excessive force claims found in paragraph 14 that occurred on April 21, 2009, against Morris; (7) excessive force claims found in paragraph 15 that occurred in "late April 2009" against Lt. Paul Harvey ("Harvey"), Sgt. Stanford Henry ("Henry"), C/O Nicholas Mohr ("Mohr"),[3] Morris, and Scott; (8) excessive force claims found in paragraph 16 that occurred in "late April 2009" against Lt. Smith ("Smith"), Henry, Cpl. Parsons ("Parsons"), and Morris; and (9) excessive force and failure to protect claims found in paragraph 17 that occurred on May 6, 2010, against Lt. Stanley Baynard ("Baynard"), Rispoli, Morris, Henry, Lt. Karen Hawkins ("Hawkins"), and Sgt. Steve Floyd ("Floyd").

Defendants move to sever the claims raised by Plaintiff.

### III. <u>LEGAL STANDARDS</u>

Pursuant to Fed. R. Civ. P. 20, a plaintiff may join defendants in one action if he asserts a right to relief arising out of the same transaction or occurrence and "any question of law or fact common to all defendants will arise in the action." *Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. Aug. 21, 2014). Under Rule 21, a district court "may at any time, on just terms, add or drop a party . . .

---

[2] Stevens has not been served despite numerous attempts at service.

[3] Mohr has not been served despite numerous attempts at service.

[or] sever any claim against a party," but "[m]isjoinder of parties is not a ground for dismissing an action." *Id.*

## IV. **DISCUSSION**

Defendants seek to sever the remaining claims and request an order assessing Plaintiff filing fees for each separate claim he prosecutes. In addition, Defendants seek an order assessing separate filing fees for each claim dismissed as frivolous. Defendants argue that Plaintiff attempts to prosecute various unrelated claims against the 24 remaining Defendants. Defendants argue that the claims are neither asserted "with respect to," nor do they "arise out of," the same "transaction" or "occurrence." Defendants acknowledge that the claims share the commonality of involving alleged misconduct by prison officials. However, they contend that the claims do not share the same defendants, did not occur at the same time, and do not share an overarching "systematic pattern" or conspiracy. Defendants further argue that the Complaint was filed in an attempt to circumvent the filing fee requirements of the Prison Litigation Reform Act.

The Court has reviewed the Complaint, as well as the claims and Defendants that remain. Notably, several Defendants are named in more than one claim. Two claims are raised against Beckles, Rispoli, Scott, and Henry, and five claims are raised against Morris. Claims raised against Morris are also raised against Beckles, Scott, Henry, and Rispoli. Moreover, all incidents occurred at the VCC where Plaintiff is held. Finally, with the exception of the September 2008 and May 2010 incidents, the claims occurred within the course of a few months (from January 2009 through late April 2009).

The Court considers the shared facts of the alleged treatment of Plaintiff while housed at the VCC, the overlapping Defendants for several claims, and the time-frame involved and finds the

3

facts sufficient for the purposes of Rule 20. *See e.g., Sanders v. Rose*, 576 F. App'x 94 (3d Cir. Aug. 21, 2014). Accordingly, the Court will deny Defendants' motion to sever.

## V. SHOW CAUSE

This case was filed in 2010. Despite numerous attempts at service and providing assistance to Plaintiff to effect service, Stevens and Mohr have yet to be served. Stevens and Mohr are no longer employed by the Delaware Department of Correction. Their last known addresses were provided to the Court by Defendants. (D.I. 56) However, Stevens and Mohr no longer reside at the last known address provided to the Court. (*See* D.I. 68, 70)

Therefore, Plaintiff will be ordered to show cause why Stevens and Mohr should not be dismissed as Defendants for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m).

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny Defendants' motion to sever (D.I. 64); and (2) order Plaintiff to show cause why Stevens and Mohr should not be dismissed as Defendants for failure to serve process pursuant to Fed. R. Civ. P. 4(m).

An appropriate Order will be entered.