IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. DICKENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-786-LPS |
| | : | |
| DEPUTY WARDEN KLEIN, et al., | : | |
| | : | |
| Defendants. | : | |

Kevin L. Dickens, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Ryan P. Connell, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for State Defendants.

**MEMORANDUM OPINION**

March 23, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Kevin L. Dickens ("Plaintiff") filed this civil rights action on September 16, 2010, pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 13) Pending is State Defendants' motion to dismiss for failure to prosecute.[1] (D.I. 79) Plaintiff did not respond to the motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court will grant the motion.

## II. BACKGROUND

As noted, Plaintiff commenced this action in 2010 and, since then, numerous defendants and claims have been dismissed. Before the remaining State Defendants answered the Complaint, they moved to sever Plaintiff's. (*See* D.I. 64) Plaintiff did not respond to the motion. On March 13, 2015, the Court denied the motion to sever and ordered Plaintiff to show cause why some of the Defendants should not be dismissed for failure to serve within 120 days. (D.I. 74) In response, Plaintiff sought an extension of time to serve. (D.I. 75) Plaintiff filed a response to the show cause order on May 4, 2015. (D.I. 76) The Court found that Plaintiff failed to show cause why the defendants at issue should not be dismissed for failure to serve. (*See* D.I. 77)

On December 9, 2015, the Court entered a scheduling order that provided a discovery deadline of July 11, 2016 and a dispositive motion deadline of August 11, 2016. (*See* D.I. 78) According to State Defendants, Plaintiff has conducted no discovery, and the docket supports their position. State Defendants now move to dismiss for failure to prosecute. (D.I. 79) Plaintiff did not file a response to the motion.

---

[1] The Court has dismissed numerous defendants and claims. (*See* D.I. 16, 54, 77)

## III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Under Local Rule 41.1 in a case pending wherein no action has been taken for a period of three months, upon application of any party, and after reasonable notice and opportunity to be heard, the Court may enter an order dismissing the case unless good reason for the inaction is given. *See* D. Del. LR 41.1.

The following six factors are considered in determining whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against Plaintiff in order to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

## IV. DISCUSSION

State Defendants move for dismissal based upon Plaintiff's failure to take any action in this case since May of 2015. As noted, Plaintiff did not respond to the motion.

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, State Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff has conducted no discovery and the discovery deadline now passed.

As to the third factor, the Court docket indicates a history of dilatoriness. Indeed, several Defendants were dismissed for Plaintiff's failure to timely serve them, Plaintiff has failed to respond to motions, he has conducted no discovery, he did not file any dispositive motions, he did not respond to the instant motion, and he has taken no action in this matter since May of 2015. As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute his claim against State Defendants is willful. Only Plaintiff can take steps to prosecute the case.

As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Precluding Plaintiff from presenting evidence at trial would have essentially the same effect as dismissal. Granting summary judgment in favor of State Defendants or forbidding Plaintiff from pursuing discovery would also have essentially the same effect as dismissal. Finally, a monetary sanction is ineffective inasmuch as Plaintiff proceeds *in forma pauperis*. The sixth factor, the merits of the claim, is neutral, given that no discovery has been conducted.

Accordingly, the Court finds the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

The Court will grant State Defendants' motion to dismiss for Plaintiff's failure to prosecute. (D.I. 79) An appropriate Order will be entered.

3